# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# NORTHERN DIVISION AT COVINGTON

| | | |
|---|---|---|
| DAVID "MIKE" FISCHER, | ) | |
| Plaintiff, | ) | Civil No. 11-143-WOB |
| v. | ) | |
| JUDGE GROTHAUS, | ) | MEMORANDUM OPINION |
| Defendant. | ) | AND ORDER |

**** **** **** ****

David "Mike" Fischer, proceeding without counsel, has filed a civil rights complaint, pursuant to 42 U.S.C. § 1983. [R. 2] The Court has granted Fischer's motion to waive payment of the filing fee by prior Order. Having reviewed the Complaint,[1] the Court determines that the claims asserted must be dismissed under the doctrine of claim preclusion, are barred by the statute of limitations, and the Court will abstain from interfering in any ongoing proceedings in the Kentucky court.

In his Complaint, Fischer alleges that in 1994 the Kenton Circuit Court "called me a retard and took my $50,000 from the automobile accident [and] put it in a trust and shot me with drugs." Fischer continues that his behavior was caused by the medications that he was forced to take, and that he was later placed under the custody of the state. Fischer indicates that in January 2006 he was

---

[1] The Court conducts a preliminary review of civil rights complaints. 28 U.S.C. § 1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). Because the plaintiff is not represented by an attorney, the complaint is reviewed under a more lenient standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage the Court accepts the plaintiff's factual allegations as true and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). But the Court must dismiss a case at any time if it determines the action (a) is frivolous or malicious, or (b) fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2).

removed from his personal residence, and that after it was later sold, the proceeds were not remitted into his trust fund. He further alleges that at a hearing held on July 12, 2011, "Judge Grothaus said to me 'you're never getting your rights back. You're just going to lay in the bed and die.'" Fischer indicates his belief that Judge Grothaus is refusing to obtain records from KCPC[2] that would "show that I'm not a retard." Fischer requests release from the facility where he is presently housed and damages for emotional distress and the proceeds from the sale of his home in 2006.

As he acknowledges in his Complaint, Fischer has raised the same allegations asserted in his Complaint as recently as last year. Even before that date, Fischer has asserted these claims on a number of occasions.

On June 16, 2005, Fischer filed a complaint against the "Kenton County Judicial System" regarding the funds placed in trust on his behalf in 1994. On August 31, 2005, the Court dismissed the case with prejudice, finding that abstention was appropriate with respect to any ongoing proceedings in state court, and that any claims for damages were barred by judicial and prosecutorial immunity. *Fischer v. Kenton County Judicial System*, No. 2:05-cv-119-DLB (E.D. Ky. 2005).

Several years later, Fischer reiterated his claims, this time naming Kenton Circuit Court Judges Summe and Trusty as defendants. On October 10, 2008, the Court dismissed the case with prejudice, concluding that the claims were foreclosed by the doctrine of claim preclusion, barred by the statute of limitations, and to the extent not otherwise invalid, the defendants were entitled to absolute judicial immunity for their judicial acts. *Fischer v. Judge Summe & Judge Frank Trustee*, No. 2:08-CV-163-WOB (E.D. Ky. 2008).

On June 10, 2010, Fischer sued Eastern State Hospital and the "Kenton Co. Guardianship,"

---

[2] The Court assumes Fischer is referring to the Kentucky Correctional Psychiatric Center, an institution operated by the Kentucky Cabinet for Health and Family Services.

again challenging the 1994 state court order placing certain funds in a trust for his benefit, as well as his continued civil commitment and compelled medication. On March 25, 2011, the Court dismissed the Complaint with prejudice, concluding that the claims asserted were barred by the doctrine of claim preclusion and the statute of limitations, and that the Court would abstain from interfering in any ongoing state proceedings. *Fischer v. Eastern State Hospital*, No. 2:10-CV-120-HRW (E.D. Ky. 2010).

The allegations in Fischer's present complaint are functionally identical to those presented in each of his three prior lawsuits, and his claims must fail as a matter of law for the same reasons set forth in the Court's prior orders dismissing those cases with prejudice. Because the statute of limitations for civil rights claims arising out of conduct occurring in Kentucky is one year under Ky. Rev. Stat. 413.140(1)(a), *Collard v. Kentucky Board of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990), claims which arise from facts occurring more than one year before the complaint is filed are generally time barred. Fischer's civil rights claims relating to the placement of the $50,000 he received from a settlement in 1994 and the alleged misappropriation of funds from the sale of his home in 2006 are, therefore, time barred. Fischer's attempt to impose personal liability upon the judges who ordered the funds placed in trust or directed the disbursement of funds from the sale of his home is defeated by the absolute judicial immunity afforded judges for their acts taken in a judicial capacity. *Cameron v. Seitz*, 38 F.3d 264, 272 (6th Cir. 1994). And because these claims have been decided against Fischer in prior litigation, the doctrine of claim preclusion prevents him from trying to relitigate them in this proceeding. *Young v. Township of Green Oak*, 471 F.3d 674, 680 (6th Cir. 2006).

Finally, the Court will again reject Fischer's repeated efforts to persuade this Court to intercede in ongoing competency or civil commitment proceedings in the state courts of Kentucky.

If Fischer wishes to assert a constitutionally-based objection to his continued commitment or the circuit court's administration of the trust fund created on his behalf, the courts of Kentucky, whether at the trial or appellate court level, provide him with an adequate mechanism to do so. Where, as here, the state proceeding implicates important state interests, the court must abstain from interfering from those proceedings. *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 17 (1987); *Tindall v. Wayne County Friend of the Court*, 269 F.3d 533, 538 (6th Cir. 2001); *Meyers v. Franklin County Court of Common Pleas*, 23 Fed. App'x 201, 206 (6th Cir. 2001).

Accordingly, **IT IS ORDERED** that:

1. Fischer's Complaint [R. 2] is **DISMISSED WITH PREJUDICE**.

2. The Court will enter an appropriate judgment.

This 28th day of July, 2011.



Signed By:
William O. Bertelsman  WOB
United States District Judge